IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GEORGE L. GRAGERT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case Number CIV-11-984-C |
| ) | |
| HOWARD H. HENDRICK, Director of ) | |
| Department of Human Services; and ) | |
| MIKE FOGARTY, Director of ) | |
| OKLAHOMA HEALTH CARE ) | |
| AUTHORITY, ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OPINION AND ORDER

Plaintiff is married to Louise Gragert. On November 30, 2009, Mr. Gragert moved into Highland Park Manor, a nursing home in Enid, Oklahoma. On that day, Mr. and Mrs. Gragert owned Medicaid countable resources worth $82,157, including a rent house at 2513 West Oklahoma in Enid. On March 14, 2011, the Oklahoma Department of Human Services ("OKDHS") received a Medicaid application for Mr. Gragert. In that application, the rent house was valued at $22,800. On May 1, 2011, Tim Gragert, the Gragerts' son, gave Mrs. Gragert a promissory note in which he promised to pay $28,800 in 96 monthly installments of $330.28 beginning on May 1, 2011, and on June 6, 2011, Mr. and Mrs. Gragert deeded the rent house to Tim Gragert, effective May 1, 2011. On June 17, 2011, OKDHS received a Medicaid application for Mr. Gragert dated June 16, 2011. Mr. Gragert stated that he and Mrs. Gragert owned Medicaid countable resources worth $45,362. Mr. Gragert also reported that after appropriate reductions were made for Mrs. Gragert, he had reportable resources of

$1,483.71. On August 4, 2011, OKDHS denied the application, stating that Mr. Gragert had countable resources in excess of $2,000. In the explanation of its determination of countable resources, OKDHS listed the $45,363 claimed in the latest application plus the note valued at $27,343, for a total of $72,796. Of that portion, $43,899 was allocated to Mrs. Gragert, leaving Mr. Gragert with countable resources in excess of the $2,000 limit. On January 5, 2011, Mrs. Gragert moved into the Highland Park Manor, the same nursing home where Mr. Gragert resides. However, Mrs. Gragert has since moved out of the nursing home.

After Defendants' denial of his application for Medicaid benefits, Mr. Gragert initiated this action seeking judicial review of that decision and a determination that he is in fact eligible for Medicaid benefits. The parties have now filed cross-motions for summary judgment on this issue, each arguing that the undisputed material facts entitle them to relief.

## STANDARD OF REVIEW

Summary judgment is appropriate if the pleadings and affidavits show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "[A] motion for summary judgment should be granted only when the moving party has established the absence of any genuine issue as to a material fact." Mustang Fuel Corp. v. Youngstown Sheet & Tube Co., 561 F.2d 202, 204 (10th Cir. 1977). The movant bears the initial burden of demonstrating the absence of material fact requiring judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A fact is material if it is essential to the proper disposition of the claim. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). If the movant carries this initial burden,

the nonmovant must then set forth "specific facts" outside the pleadings and admissible into evidence which would convince a rational trier of fact to find for the nonmovant. Fed. R. Civ. P. 56(e). These specific facts may be shown "by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." Celotex, 477 U.S. at 324. Such evidentiary materials include affidavits, deposition transcripts, or specific exhibits. Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir. 1992). "The burden is not an onerous one for the nonmoving party in each case, but does not at any point shift from the nonmovant to the district court." Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 672 (10th Cir. 1998). All facts and reasonable inferences therefrom are construed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## ANALYSIS

Defendants raise five challenges to Plaintiff's case, arguing that each individually would entitle them to judgment. The first four arguments raised by Defendants are primarily procedural issues that do not directly attack the merits of Mr. Gragert's eligibility for Medicaid benefits. Because the Court finds that Plaintiff's claim fails on the merits, it is unnecessary to address these procedural issues.

As noted above, this case hinges upon Plaintiff's eligibility for Medicaid benefits. The case hinges on how the promissory note between Plaintiff's spouse and her son should be treated.

Once Mr. Gragert applied for Medicaid benefits, the first step in the process was to determine the extent of his resources.[*] In undertaking this inquiry, the nature of the promissory note must be examined. That is the Court must determine if the note is a resource. 20 C.F.R. § 416.1201(a) defines a resource as: "cash or other liquid assets or any real or personal property that an individual (or spouse, if any) owns and could convert to cash to be used for his or her support and maintenance." Paragraph (b) of that sections notes that a promissory note is typically considered a resource. Here, Plaintiff has offered no evidence to contradict this presumption. Because the note creates a resource in an amount in excess of the eligibility threshold, Plaintiff is not eligible for Medicaid. With this determination, it is unnecessary to consider the remainder of Plaintiff's arguments. Whether or not the note complies with 42 U.S.C. § 1396p(c)(1)(I) and whether fair market value was given are all immaterial once it is determined that the note is a resource.

---

[*] Under Medicaid guidelines, a resource is a term of art used to describe assets available to an applicant. The term is defined by 42 U.S.C. § 1396p(h)(5) as having the "meaning given such term in section 1382b of this title, without regard (in the case of an institutionalized individual) to the exclusion described in subsection (a)(1) of such section." Understanding the unhelpfulness of this definition, a regulation was created to provide a more useful definition. 20 C.F.R. § 416.120(c)(3) states: "Resources means cash or other liquid assets or any real or personal property that an individual owns and could convert to cash to be used for support and maintenance (see § 416.1201(a))." For items other than cash, the question then becomes whether or not they are liquid resources. Items that can be converted to cash within 20 working days are considered liquid resources. Those which cannot be so converted are termed non-liquid resources.

## **CONCLUSION**

For the reasons set forth herein, the Court finds that Defendants' Motion for Summary Judgment (Dkt. No. 27) should be GRANTED and Plaintiff's Motion for Summary Judgment (Dkt. No. 25) should be DENIED.  Judgment will enter on behalf of Defendants.

IT IS SO ORDERED this 24th day of May, 2012.

ROBIN J. CAUTHRON
United States District Judge