IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LOUISE GRAGERT, Administrator of the Estate of George Louis Gragert, a/k/a George Gragert, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case Number CIV-11-984-C |
| ED LAKE, Director of Oklahoma Department of Human Services; and JOEL NICO GOMEZ, Director of Oklahoma Health Care Authority, | ) ) ) ) ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

Plaintiff has filed an Application for Attorneys' Fees, as well as a Supplemental Application for Attorneys' Fees. The parties have exhaustively briefed the issues. At issue in this briefing is the amount of attorneys' fees to be awarded to Plaintiff.[1]

In her application for fees, Plaintiff requests fees and costs totaling $143,417.03.[2] In support of her application, Plaintiff has submitted copies of billing records submitted by her attorneys, as well as affidavits from her attorneys outlining the nature of those expenses.

---

[1] Defendants do not contest Plaintiff's eligibility for attorneys' fees. Because Plaintiff brought this action pursuant to 42 U.S.C. § 1983, her request for fees is governed by 42 U.S.C. § 1988. Defendants' challenge is limited to the amount of fees to be awarded.

[2] As the Court notes below, Plaintiff's inclusion of costs is improper. Costs are a separate issue from attorneys' fees. The request for each should be separate. The Court has attempted to determine which charges in the amount sought are attorneys' fees and which are costs. Where there was any question, the Court used the lower figure, as Plaintiff should bear the burden of establishing entitlement.

Defendants object to the request, raising a number of arguments they say indicate the fee request should be substantially reduced. The Court will consider each of Defendants' arguments.

Plaintiff requests hourly rates from $350 to $220 for the lesser experienced attorneys. Defendants challenge these rates, arguing they exceed what is reasonable. In support of their challenge, Defendants have offered the affidavit of a local attorney who opines that the rates sought by Plaintiff's counsel are excessive. In reply, Plaintiff counters with her own affidavit, which argues that the rates sought are reasonable and customary in the market.

The "reasonable hourly rate" to be used should be comparable to rates in the prevailing community charged by attorneys with relatively similar skill, experience, and reputation. Malloy v. Monahan, 73 F.3d 1012, 1018 (10th Cir. 1996) (citing Blum v. Stinson, 465 U.S. 886, 895 n.11 (1984)). When seeking attorneys' fees as a prevailing party, counsel is not automatically entitled to his or her normal rate. Instead, the parties should submit, and the Court consider, evidence of the hourly rate the attorneys would be able to charge if working in the civil rights field. Case v. Unified Sch. Dist. No. 233, Johnson Cnty., Kan., 157 F.3d 1243, 1257 (10th Cir. 1998).

As noted, both parties have submitted affidavits in support of their arguments regarding the appropriate hourly rate. The affidavit submitted by Defendants reflects a lack of experience and appreciation for the hourly rate charged by Plaintiff's counsel, as the affiant has only represented individuals and government entities sued as defendants in civil rights cases. There is a distinct difference in the rate paid by a government entity and a

private-pay client, and, in any event, Mr. Lee's experience does not take into account the contingencies of plaintiff representation. The affidavit submitted by Plaintiff indicates that the affiant practices in the fields relevant here. Defendants note in their objection that the attorney has not appeared in a civil rights, Medicaid, or similar case in this district. However, that issue is not dispositive on his experience. Mr. Shiles relies not only on his own experience, but also attests to conversations with other attorneys regarding the rates charged for work similar to that performed by Plaintiff's counsel. Based on those conversations, Mr. Shiles avers the rates sought are reasonable.

In addition to the evidence presented by the parties regarding the appropriate hourly rate for counsel practicing civil rights law in this jurisdiction, the Court will rely on its own experience and knowledge regarding an appropriate hourly rate. See Lucero v. City of Trinidad, 815 F.2d 1384, 1385 (10th Cir. 1987). The Court recently approved an hourly rate of $295.00 per hour for senior counsel and $245.00 per hour for junior counsel in Layton v. Board of County Commissioners of Oklahoma County, CIV-09-1208 (Dkt. No. 289). Given the additional complexities of the issues in this case, the Court finds additional compensation warranted. Further, this case is but one of several Plaintiff's counsel has litigated before the Court. Based on that knowledge and experience with counsel, the unique issues of first impression, the complicated law involved, and considering the skill demonstrated by counsel in litigating this case, the Court finds the hourly rates sought by Plaintiff's counsel to be

reasonable. Likewise, the hourly rate for support staff and paralegals sought by Plaintiff is reasonable.[3]

Defendants challenge a number of entries they argue are duplicative. After review of the entries and consideration of Plaintiff's response, the Court finds the following entries are duplicative: Entries 50, 57, 101, 116, 212, 298, 316, 317, 329, 330, 331, 332, 333, and 336. Those entries, totaling fees in the amount of $4,745.00, will be deducted from Plaintiff's fee request.

Defendants challenge a number of actions taken by Plaintiff's counsel, arguing they were not taken to vindicate her civil rights. First, Defendants challenge the time spent for filing Plaintiff's Medicaid application. According to Defendants, until that application was denied, there could be no violation of civil rights. However, as Plaintiff establishes, the Notice of Denial in this case was issued on April 18, 2011. It was after that denial that Plaintiff hired counsel and began the process of pursuing her claim for approval of her husband's Medicaid benefits. Each of the time entries from counsel and support staff for this application were steps necessary in the process to ensure Plaintiff's husband's civil rights were not violated. Defendants' objections to this time are overruled.

---

[3] In several places in both its response and surreply, Defendants argue that certain attorneys or paralegal staff failed to submit affidavits in support of their request for fees. Notably, Defendants cite no legal authority requiring such affidavits, nor is the Court aware of any such authority. Certainly, the managing partner of the firm, who submitted an affidavit in this case, is competent to offer evidence regarding the rates charged by the junior attorneys and support staff, as well as the hours expended. To the extent Defendants argue otherwise, those arguments are without merit.

Defendants also challenge two entries related to addressing an issue with Adult Protective Services. Without regard to Plaintiff's unsupported accusations, the Court finds that the time spent on this issue is reasonably related to the services provided in securing benefits and therefore is compensable as time spent vindicating civil rights.

Defendants challenge time spent by the law firm in seeking payment of fees from Plaintiff, specifically entries 283, 284, and 286-288. The Court agrees that this time is not properly chargeable to Defendants. Accordingly, the fee request will be reduced by $350.00.

Defendants next challenge Plaintiff's request for fees for travel. Defendants set out instances where Plaintiff's counsel billed their full hourly rate for time spent traveling to Oklahoma City for court hearings and/or to Denver for court hearings. The Court agrees that full hourly rate compensation for all travel time is not appropriate in this case. See Smith v. Freeman, 921 F.2d 1120, 1122 (10th Cir. 1990). Plaintiff essentially concedes this point, noting that certain reductions should be made, and after consideration of Plaintiff's arguments, the Court finds that five hours of time, or $1,750.00, should be deducted.

Defendants next challenge Plaintiff's use of "block billing," arguing that it was inappropriate and impossible to distinguish the tasks performed or their reasonableness. The Court has reviewed each entry challenged by Defendants and finds that they do not amount to block billing. Block billing occurs when attorneys' time records fail to document adequately how an attorney utilized large blocks of time. Case, 157 F.3d at 1250. As Plaintiff notes, the vast majority of the entries challenged by Defendants are for less than an hour of time. While Defendants are correct that certainly a plaintiff cannot break tasks up

into small increments in order to avoid block billing, what is apparent from Plaintiff's billing records is that the amount of time charged was appropriate for the task performed and the description was adequate to reach that conclusion. Consequently, the challenged entries are not block billing and are not improper.

Defendants next raise a number of issues related to purported excessive hours claimed by Plaintiff. Defendants challenge the amount of time spent on research, some miscellaneous areas of excess hours, and time spent on discovery or responding to Defendants' Motion for Summary Judgment. The Court has considered each of Defendants' arguments and examined the challenged time entries. The Court finds Defendants' arguments without support. As Plaintiff notes, a number of the issues raised by Defendants were pursued fully for the first time in this case. Certainly, Plaintiff is entitled to adequately research the issue and develop the law as fully as necessary to state her position. The Court notes that a number of the arguments raised or the time challenged by Defendants would have been unnecessary had Defendants not been insistent on raising challenges with little to no merit. Clearly, the Court will not penalize Plaintiff for spending time responding to arguments raised by Defendants. In short, the Court finds no instances of excessive hourly billing and finds no need for reduction in Plaintiff's fee request for this category.

Defendants also challenge certain entries by arguing that Plaintiff's counsel were doing tasks more properly done by support staff and that those tasks are not items for which attorneys' fees can be recovered. After consideration of the entries challenged by

Defendants, the Court finds that certain of them should be reduced in an amount totaling $457.00.

Defendants challenge Plaintiff's request for $8,518.26 in interest owed by Plaintiff on the unpaid attorneys' fees. Plaintiff has offered no legal authority demonstrating this amount is recoverable from Defendants as either attorneys' fees or costs. Consequently, the fee request will be reduced by that amount.

Plaintiff seeks fees for work performed in the probate case of her husband. While some of that work may have been necessary for the conclusion of this case, Plaintiff makes no attempt to distinguish between necessary and unnecessary work. Accordingly, all time spent on the probate case, totaling $4,128.33, will be deducted.

After considering the time entries submitted by Plaintiff, the Court finds the fee request totals $104,746.55.[4] From that amount, the above-noted deductions in the amount of $11,430.33 result in a fee award of $93,316.22.

Finally, Defendants challenge a number of the costs sought by Plaintiff. Although the docket shows costs were awarded but stricken (Dkt. No. 79), costs were never actually awarded; rather, the cost hearing was stricken by agreement of the parties (id.). No further action has been taken regarding the costs. In accordance with Fed. R. Civ. P. 54(d)(1) and LCvR54.1, requests for costs are in the first instance decided by the Court Clerk and any

---

[4] This amount is different than the amount Plaintiff requested. The Court reduced that amount by costs requested by Plaintiff and the interest counsel charged Plaintiff on the past-due fee amounts. These deductions resulted in the actual amount of attorneys fees sought by Plaintiff.

7

objection to those must then be pursued in accordance with the Rules. Plaintiff should, within five days of the date of this Order, inform the clerk that costs are again ripe for consideration. Costs will not be considered or awarded at this time.

As set forth more fully herein, Plaintiff's Application for Attorneys' Fees (Dkt. No. 71) and Plaintiff's Supplemental Application for Attorneys' Fees (Dkt. No. 94) are GRANTED. Plaintiff is awarded attorneys' fees in the amount of $93,316.22.

IT IS SO ORDERED this 4th day of August, 2014.

*[signature]*
ROBIN J. CAUTHRON
United States District Judge